IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01835-PAB-NRN

ADRIAN SALAZAR,

Plaintiff,

v.

LONDONBURG, Captain,
DENISE BREWER, Nurse
MELISSA ROGERS, Provider,
PAMALA DANG, Nursing Supervisor,
ROSALINDA VASQUEZ, Nurse,
JANE GREEN, Nurse,
OCHOA, Doctor,
CHASIN, Correctional Officer, and
NATHAN BENNION, Provider,

Defendants.

---

**REPORT AND RECOMMENDATION ON
CDOC DEFENDANTS' MOTION TO DISMISS (ECF No. 23)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This case is before the Court pursuant to an Order issued by Judge Philip A. Brimmer, ECF No. 30, referring Defendants Gwendolyn Londenberg, Rosalinda Vasquez, Janet Greene, Sally Chason, Pamala Dang, and Nathan Bennion's (collectively, the "CDOC Defendants")[1] Motion to Dismiss, ECF No. 23. Plaintiff Adrian Salazar responded, ECF No. 41, and the CDOC Defendants filed a reply, ECF No. 44. Plaintiff filed a sur-reply without leave of Court. ECF No. 49. The Court conducted a

---

[1] Defendants Brewer, Rogers, and Ochoa have not been served.

motion hearing on January 28, 2026. ECF No. 45. The Court has taken judicial notice of the case file and considered the applicable federal and state statutes and case law. As set forth below, the Court **RECOMMENDS** that the Motion to Dismiss, ECF No. 23, be **GRANTED**.

## I.    FACTUAL BACKGROUND[2]

During all times relevant to this lawsuit, Plaintiff has been a convicted and sentenced state prisoner in the custody of the Colorado Department of Corrections ("CDOC") and incarcerated at the Fremont Corr ("FCF").[3]

Plaintiff became seriously ill on September 21, 2021, and his subsequent attempts to receive treatment were rejected until he was eventually taken to the hospital on September 28, 2021. He was diagnosed with sepsis of the blood, endocarditis, and rhabdomyolysis. He remained in the hospital until October 7, 2021.

When Plaintiff was released from the hospital, he was initially placed back in segregation, and his prescribed pain medication was cut in half with no explanation. He complained to staff about pain in his leg, which worsened through October and November. He was finally transported to a different hospital on November 18, 2021, and surgery was performed on an abscess on his thigh.

---

[2] Unless otherwise noted, all factual allegations are taken from Plaintiff's Second Amended Complaint ("SAC"), ECF No. 8, and are presumed to be true for the purposes of the Motion to Dismiss. Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[3] The CDOC Defendants seem to believe that Plaintiff was incarcerated at Centennial Correctional Facility ("CFC") during the events giving rise to this lawsuit. However, this appears to refer to a different inmate. Plaintiff is clear in the SAC, his response to the Motion to Dismiss, and his sur-reply that he was housed at FCF at the time. In the end, this discrepancy is irrelevant to the Court's analysis. The Court also notes that Plaintiff is currently housed at Arkansas Valley Correctional Facility ("AVCF").

Soon after, Plaintiff contacted an attorney who obtained his medical records and who Plaintiff believed agreed to take his case. Plaintiff learned in October 2022 that the attorney would not be able to represent him. Plaintiff claims that his physical and mental conditions affected his ability to review his medical records, and notes that he has since been in and out of the hospital with various issues and emergencies.

Plaintiff asserts a 42 U.S.C. § 1983 claim against the CDOC Defendants for violating his Eighth Amendment rights by failing to provide him adequate medical care. The CDOC Defendants now move to dismiss on statute of limitations grounds.

## II.   LEGAL STANDARDS

### a.  Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The

*Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the

allegations in the complaint that are not entitled to the assumption of truth," that is,

those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.*

at 679–81. Second, the court considers the factual allegations "to determine if they

plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible

claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

A statute of limitations may form the basis for dismissal. "If the complaint sets

forth dates that appear, in the first instance, to fall outside of the statutory limitations

period, then the defendant may move for dismissal under rule 12(b)(6)." *SFF-TIR, LLC*

*v. Stephenson*, 250 F. Supp. 3d 856, 997 (N.D. Okla. 2017) (citations omitted). If, from

the complaint, "the dates on which the pertinent acts occurred are not in dispute, [then]

the date a statute of limitations accrues is . . . a question of law" suitable for resolution

at the motion to dismiss stage. *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir.

2022) (quoting *Edwards v. Int'l Union, United Plant Guard Workers of Am.*, 46 F.3d

1047, 1050 (10th Cir. 1995)); *see also Jiying Wei v. Univ. of Wyo. Coll. of Health Sch.*

*Pharmacy*, 759 F. App'x 735, 740 (10th Cir. 2019) ("[I]t is appropriate to resolve a

statute of limitations defense on a Rule 12(b)(6) motion 'when the dates given in the

complaint make clear that the right sued upon has been extinguished.'") (quoting *Sierra*

*Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)). "The plaintiff may

counter this motion with an assertion that a different statute of limitations or an equitable

tolling doctrine applies to bring the suit within the statute; the Tenth Circuit has not

clarified whether this assertion must be pled with supporting facts in the complaint or

may be merely argued in response to the motion." *SFF-TIR, LLC*, 250 F. Supp. 3d at 997 (citation omitted). "In any event, where the face of the complaint reveals that the action is beyond the statute of limitations, and there are no allegations in the complaint or response to the motion that would implicate tolling, the complaint may be disposed of on a motion to dismiss." *Jones v. United Ass'n of Journeymen*, No. 4:20-cv-00585-CRK-CDL, 2024 WL 1285546, at *9 n.14 (N.D. Okla. Mar. 26, 2024) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007). Because the dates given in Plaintiff's SAC are not in dispute, the Court may determine whether Plaintiff's claims are time-barred as a question of law. *Jones*, 549 U.S. at 215.

### b.  Pro Se Plaintiff

The Court must construe the SAC and other papers filed by Plaintiff liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110; *see also Craig v. McCollum*, 590 F. App'x 723, 726 (10th Cir. 2014) ("Our liberal construction of pro se petitions does not exempt them from the rules of procedure binding the petitions of other litigants.") (citation omitted).

## III.   ANALYSIS

The governing statute of limitations for § 1983 claims in Colorado is two years. *See* Colo. Rev. Stat. § 13-80-102(1)(g) ("All actions upon liability created by federal statute where no period of limitation is provided in said federal statute" and "regardless of the theory upon which suit is brought . . . shall be commenced within two years."); *see also Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev.

Stat. § 13-80-102(1)(g) to § 1983 claims); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th

Cir. 2006) ("We have made clear that the statute of limitations for § 1983 actions

brought in Colorado is two years from the time the cause of action accrued."). Under

federal law, "claims accrue and the statute of limitations begins to run when the plaintiff

knows or has reason to know of the existence and cause of the injury which is the basis

of his action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004)

(alterations, citation, and internal quotation marks omitted). Because the "injury" in a §

1983 action "is the violation of a constitutional right," a § 1983 claim accrues "when the

plaintiff knows or should know that his or her constitutional rights have been violated."

*Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citations omitted); *see also*

*Fogle*, 435 F.3d at 1258 (stating that a § 1983 claim "accrues when facts that would

support a cause of action are or should be apparent").

It is evident from the face of the SAC that Plaintiff's Eighth Amendment deliberate

indifference claim accrued, *at the very latest*, in April 2022. That Plaintiff knew or should

have known that his constitutional rights had been violated by then is confirmed by the

fact that Plaintiff states that he "file[d] a notice of intent to the clerk of the court" and

contacted several law firms sometime in early 2022, and he actually met with an

attorney in April 2022. Because Plaintiff did not commence this lawsuit until June 12,

2025, well beyond the two-year period, the statute of limitations bars Plaintiff's claims as

a matter of law unless he can show a factual basis for equitable tolling. *See generally*

*Trujillo v. Bd. of Cnty. Comm'rs for Weld Cnty.*, No. 20-cv-02862-CMA-NYW, 2021 WL

4556189, at *16 (D. Colo. July 23, 2021).

6

"Colorado law allows equitable tolling where a defendant 'engage[d] in fraudulent concealment of facts pertinent to the existence of a claim.'" *Mwangi v. Norman*, No. 16-cv-00002-CMA-NYW, 2016 WL 7223270, at *7 (D. Colo. Dec. 13, 2016) (quoting *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004)). "[T]o prove that the statute of limitations was tolled by a defendant's fraudulent concealment, a plaintiff must show that his ignorance of his cause of action was not the result of his lack of diligence, but was due to affirmative acts or active deception by the [d]efendant to conceal the facts giving rise to the claim." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). Specifically, the plaintiff must demonstrate:

> (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages.

*Onyx Props. LLC v. Bd. of Cnty. Comm'rs of Elbert Cty.*, 868 F. Supp. 2d 1164, 1170 (D. Colo. 2012) (quoting *First Interstate Bank v. Piper Aircraft Corp.*, 744 P.2d 1197, 1200 (Colo. 1987)).

Here, Plaintiff does not plausibly allege that any of the CDOC Defendants wrongfully prevented him from asserting his claims in a timely manner. Plaintiff does not allege that any defendant concealed a material fact from Plaintiff. Indeed, it undisputed that Plaintiff was aware of CDOC Defendants' alleged malfeasance from the start; he says in his response brief that, after his return to FCF following his surgery, "starting immediately plaintiff called and wrote to many law firms." ECF No. at 41 at 27. Instead, Plaintiff claims that the CDOC Defendants "created, by their negligence and ill will, a domino effect of health problems that rendered it impossible for plaintiff to file within the

statutory period." ECF No. 41 at 45. But equitable tolling requires *intentional* conduct by the defendants, and Plaintiff does not allege any.

Moreover, as the CDOC Defendants note, Plaintiff concedes that he was transferred from the facility where the CDOC Defendants worked well before the statute of limitations period expired. *See* ECF No. 8 ¶ 47 (stating Plaintiff was transferred to AVCF in February 2023).[4]

Thus, even taking Plaintiff's allegations in the SAC to be true, they cannot support his equitable tolling arguments because Plaintiff has not shown that any CDOC Defendant wrongfully impeded his ability to file his complaint.

Although Plaintiff has failed to show that the CDOC Defendants' wrongful conduct prevented the timely filing of his complaint, "he may still be entitled to equitable tolling if 'truly exceptional circumstances prevented [him] from filing' his claims." *Chrisco v. Raemisch*, No. 17-cv-01036-PAB-MEH, 2018 WL 1517023, at *3 (D. Colo. Mar. 27, 2018) (quoting *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000)). "As part of this analysis, Plaintiff must also demonstrate 'that he has been pursuing his rights diligently.'" *Clark v. White*, No. 23-cv-01435-GPG-TPO, 2025 WL 2393156, at *7 (D. Colo. Aug. 4, 2025) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). Although the Court recognizes that Plaintiff suffers from serious physical and mental problems and does not discount their effects, the Tenth Circuit "has never held that an individual's mental incapacity entitles him to equitable tolling. *Harms v. I.R.S.*, 321 F.3d 1001, 1006 (10th Cir. 2003). "Equitable tolling of a limitations period based on mental incapacity is

---

[4] In his response brief, Plaintiff states he transferred facilities multiple other times, but the inconsistent dates make it hard to figure out the exact timeline. *See* ECF No. 41 at 29–30.

warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity." *Alvarado v. Smith*, 713 F. App'x 739, 742 (10th Cir. 2017) (unpublished) (quoting *Reupert v. Workman*, 45 F. App'x. 852, 854 (10th Cir. 2002) (unpublished)). Plaintiff has not established the existence of any correspondingly extraordinary circumstance such that equitable tolling is warranted.

## IV.    CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that the CDOC Defendants' Motion to Dismiss, ECF No. 23, be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions.**

*Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*,

91 F.3d 1411, 1412–13 (10th Cir. 1996).

Dated at Denver, Colorado this 16th day of April, 2025.

_____

N. Reid Neureiter
United States Magistrate Judge